1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN GILBERT,                          No.  1:22–cv–1286–KJM–KJN

12                   Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                AND ORDER
13          v.

14    MAMTA BOLA, et al.,

15                   Defendants.

16

17          Presently pending before the court is plaintiff Darren Gilbert's ("plaintiff") motion for

18    default judgment against defendants Mamta Bola and Amarjit Singh (d/b/a Amar Fashion &

19    Grocery Bazaar) (hereinafter "defendants").[1]  (ECF No. 14.)  After defendants failed to file an

20    opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the

21    record and written briefing pursuant to Local Rule 230(g).

22          For the reasons discussed below, the court now recommends that plaintiff's motion for

23    default judgment be GRANTED.

24    ///

25    ///

26    ///

27    _____

28    [1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of
      Civil Procedure 72, and Local Rule 302(c)(19).

                                                    1

I.      Background

This is a civil rights action filed by plaintiff under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12181-12189) ("ADA") and related California statutes, alleging discrimination at the store known as Amar Fashion and Grocery Bazaar, located at 1081 Lander Avenue in Turlock, California (hereinafter "the facility").  (See generally ECF No. 1.) Defendants own and operate the facility and the real property in and on which the facility is located.  (Id. at ¶ 7.)  Plaintiff is a physically disabled man who relies on a wheelchair, knee scooter, or prosthetic for mobility.  (Id. at ¶ 8.)

Plaintiff alleges that on July 6, 2022, he visited the facility to purchase food.  (Id. at ¶ 10.) Plaintiff parked in a standard parking stall in front of the store because he could not locate any designated accessible parking in the lot; however, plaintiff later learned that the designated accessible parking stall is located by another entrance, in the back lot of the facility.  (Id.)  In any event, both parking stalls have an uneven surface and lack any identifying signage that would appropriately direct plaintiff to the accessible parking.  (Id.)  Plaintiff also alleges that the ramp on the front entry walkway was excessively sloped, lacking edge protection or handrails.  (Id.) Additionally, the facility merchandise aisles lacked sufficient clear width and the transaction counter was too high.  (Id.)  As a result of these physical barriers, plaintiff had a hard time maintaining balance while walking to the store on his prosthetic leg and had difficulty moving about the store.  (Id.)  Plaintiff also alleges that if he were to return to store in his wheelchair it would be difficult for him to pay over the transaction counter.  (Id.)

A clerk's default was entered against Mamta Bola on December 9, 2022, and against Amarjit Singh on January 10, 2023.  (ECF Nos. 7, 9.)  On March 7, 2023, the court declined to exercise supplemental jurisdiction over plaintiff's Unruh Claim.  (ECF Nos. 12, 13.)  Plaintiff filed the instant motion for default judgment on the ADA Claim on April 4, 2023.  (ECF No. 14.) Plaintiff seeks statutory damages in the amount of $4,000, attorneys' fees and costs in the amount of $3,557.87, and an injunction requiring the removal of the barriers to plaintiff's access.  (ECF No. 14-1 at 13.)

////

2

1          II.      Legal Standard – Default Judgment

2              Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

3      against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

4      against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

5      automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

6      238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

7      (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

8      within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

9      1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action[,] (5) the possibility of a
> dispute concerning material facts[,] (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

14      Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

15      disfavored.  Id. at 1472.

16              As a general rule, once default is entered, well-pleaded factual allegations in the operative

17      complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc.

18      v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

19      Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs,

20      285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the

21      complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the

22      pleadings, and claims which are legally insufficient, are not established by default."  Cripps v.

23      Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

24      1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir.

25      2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law);

26      Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not

27      be entered on a legally insufficient claim").  A party's default does not establish the amount of

28      damages.  Geddes, 559 F.2d at 560.

1    III.    Discussion

2         A.  The Eitel Factors Weigh in Favor of Granting Default Judgment

3              1.    *Factor One: Possibility of Prejudice to Plaintiff*

4         The first Eitel factor considers whether the plaintiff would suffer prejudice if default

5    judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting

6    a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially

7    face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment,

8    plaintiff would be without another recourse against defendants.  Accordingly, the first Eitel factor

9    favors the entry of a default judgment.

10             2.    *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and*

11   *the Sufficiency of the Complaint*

12        The court considers the merits of plaintiff's substantive claims and the sufficiency of the

13   complaint together below because of the relatedness of the two inquiries.  The court must

14   consider whether the allegations in the complaint are sufficient to state a claim that supports the

15   relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

16        Title III of the ADA provides that "[n]o individual shall be discriminated against on the

17   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

18   advantages, or accommodations of any place of public accommodation by any person who owns,

19   leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

20   Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

21   where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1

22   Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  The ADA defines the term

23   "readily achievable" as "easily accomplishable and able to be carried out without much difficulty

24   or expense." 42 U.S.C. § 12181(9).

25        "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she]

26   is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

27   or operates a place of public accommodation; and (3) the plaintiff was denied public

28   accommodations by the defendant because of [his or her] disability."  Molski v. M.J. Cable, Inc.,

4

1    481 F.3d 724, 730 (9th Cir. 2007).  Furthermore, "[t]o succeed on a ADA claim of discrimination

2    on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)

3    the existing facility at the defendant's place of business presents an architectural barrier

4    prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L &

5    L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc.,

6    433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

7         Here, plaintiff's complaint alleges:  (1) plaintiff is disabled (ECF No. 1 at ¶ 8 ); (2)

8    defendant owns, leases, and/or operates the facility, which is a place of public accommodation

9    (id. at ¶¶ 7, 9); (3) plaintiff was denied full and equal access to defendant's facilities, privileges,

10   and accommodations because of plaintiff's disability (id. at ¶ 10); (4) defendant's facility contains

11   a specified architectural barriers—uneven surface in the parking lots, lack of identifying signage,

12   excessively sloped ramp leading up to the entrance, lack of edge protection or handrails, narrow

13   merchandise aisles, and a transaction counter that is too high—in violation of the ADA (id. at ¶

14   10); and (5) defendant had the means and ability to remove such barriers (id. at ¶ 13).  Because

15   plaintiff's allegations are taken as true following the entry of default, the court concludes that

16   plaintiff has met his burden to state a prima facie Title III discrimination claim.

17        Accordingly, the second and third Eitel factors favor the entry of a default judgment.

18              3.    *Factor Four: The Sum of Money at Stake in the Action*

19        Under the fourth factor cited in Eitel, "the court must consider the amount of money at

20   stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at

21   1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

22   Cal. 2003).  In this case, plaintiff seeks injunctive relief and attorneys' fees and costs in the

23   amount of $3,557.87.[2]  (ECF No. 14-1 at 13.)  The court does not find the overall sum of money

24   at stake to be so large or excessive as to militate against the entry of default judgment.  This

25

26   _____

     [2] The court notes that plaintiff's motion also requests statutory damages in the amount of $4,000.
27   (ECF No. 14-1 at 13.)  However, statutory damages are not available to plaintiff under Title III of
     the ADA and thus this request is denied as moot.  See Wander v. Kaus, 304 F.3d 856, 858 (9th
28   Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is
     available for violations of Title III.").

1    factor favors the entry of a default judgment.

2              4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

3          Because the court may assume the truth of well-pleaded facts in the complaint (except as

4    to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of

5    material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.

6    Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court

7    clerk enters default judgment, there is no likelihood that any genuine issue of material fact

8    exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at

9    1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

10             5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

11         There is no indication in the record that defendant's default was due to excusable neglect.

12   Accordingly, this Eitel factor favors the entry of a default judgment.

13             6.      *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil*

14   *Procedure Favoring Decisions on the Merits*

15         "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

16   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

17   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

18   PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.

19   Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

20   in favor of decisions on the merits—and consistent with existing policy would prefer that this

21   case be resolved on the merits—that policy does not, by itself, preclude the entry of default

22   judgment.

23         In sum, after considering and weighing all the Eitel factors, the court concludes that

24   plaintiff is entitled to a default judgment against defendant, and recommends that such a default

25   judgment be entered.

26   /////

27   /////

28   /////

                                          6

1    IV.    Terms of the Judgment to Be Entered

2         After determining that a party is entitled to entry of default judgment, the court must

3    determine the terms of the judgment to be entered.  Plaintiff seeks an injunction requiring the

4    removal of the architectural barriers to plaintiff's access.  (ECF No. 14-1 at 13.)  Because plaintiff

5    satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive

6    relief, as described below, to remedy the architectural barrier at issue.

7         Plaintiff also seeks attorneys' fees and costs in the amount of $3,557.87.  The ADA

8    specifically contemplates the award of attorneys' fees and costs.  See 42 U.S.C. § 12205.

9    Plaintiff requests $787.87 in costs for pre-filing investigation, the filing fee, and for service of

10   summons, which are reasonable and should be awarded.  (ECF Nos. 14-1 at 8.)  Attorney Tanya

11   E. Moore spent 6.4 hours on this matter, at a rate of $300 per hour, for a total of $1,920.00.  (ECF

12   Nos. 14-1 at 8-9.)  Paralegal Whitney Law spent 3.7 hours on this matter, at a rate of $115 per

13   hour, for a total of $425.00.  (Id.)  Paralegal Isaac Medrano spent 3.7 hours on this matter, for a

14   total of $425.00 at $115 per hour.  (Id.)  The same rates have been found to be reasonable by

15   court in this district and the hours spent appear reasonable.  See Block v. Starbucks, 2018 U.S.

16   Dist. LEXIS 154849 at * 17-20 (E.D. Cal. Sept. 10, 2018).  The court therefore finds the

17   requested amount of attorneys' fees are also reasonable and therefore recommends attorneys'

18   costs and fees in the amount of $3,557.87 be awarded.

19        Plaintiff's motion for default judgment also seeks $4,000 in statutory damages. (ECF No.

20   14-1 at 13.)  However, because the court declines to exercise jurisdiction over the Unruh Act

21   claims, there is no basis upon which the court can grant statutory damages.  Wander, 304 F.3d at

22   858 ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available

23   for violations of Title III.").  Accordingly, the undersigned recommends denying plaintiff's

24   request for $4,000 in statutory damages.

25   ////

26   ////

27   ////

28

7

## RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for default judgment (ECF No. 14) be GRANTED as to only the ADA claims;

2.      Judgment be entered in plaintiff's favor and against defendants;

3.      Plaintiff be awarded attorneys' fees and costs in the amount of $3,557.87;

4.      Plaintiff be granted an injunction requiring defendant to make the following changes at the property known as Amar Fashion and Grocery Bazaar, located at 1081 Lander Avenue in Turlock, California, in compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24:

   a.   Provide a properly configured and identified accessible parking stall with adjacent access aisle connected via an accessible route to an accessible entrance, and post prominent directional signage at the front of the building indicating the location of such parking if it is located in the rear parking lot;

   b.   Provide properly configured curb ramp serving the accessible entrance;

   c.   Provide and maintain proper clear width of the routes of travel through public areas of the interior of the facility; and

   d.   Provide a properly configured accessible transaction counter.

5.      Plaintiff's request for $4,000 in statutory damages be denied;

6.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

8

waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

### <u>ORDER</u>

IT IS ALSO HEREBY ORDERED that plaintiff shall forthwith personally serve a copy of this order and findings and recommendations on defendant at its address at 1081 Lander Avenue, Turlock, California 95380 and file proof of service with the court within seven days of this order.

Dated:  November 17, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

RS/AZ, gilb.1286

9